## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRIME HEALTHCARE SERVICES – LOWER BUCKS, LLC D/B/A LOWER BUCKS HOSPITAL, PRIME HEALTHCARE SERVICES – ROXBOROUGH, LLC D/B/A ROXBOROUGH MEMORIAL HOSPITAL, PRIME HEALTHCARE SERVICES – SUBURBAN HOSPITAL, LLC D/B/A SUBURBAN COMMUNITY HOSPITAL, | ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE<br><br>**Removed from the Court of Common Pleas of Philadelphia County, Pennsylvania (Case No. 2022-T-2904)** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| AETNA HEALTH INC., AETNA HEALTH INSURANCE COMPANY, AETNA BETTER HEALTH INC., DOES 1 THROUGH 10 | ) ) ) ) ) ) | |
| Defendants. | | |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

Defendants Aetna Health Inc. ("AHI"), Aetna Health Insurance Company ("AHIC"), and Aetna Better Health Inc. ("ABH," and together with AHI and AHIC, "Defendants"), hereby remove this action, pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c), from the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 2022-T-2904, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. The grounds in support of this Notice of Removal are as follows:

1.      Plaintiffs Prime Healthcare Services – Lower Bucks, LLC d/b/a Lower Bucks Hospital ("Lower Bucks"), Prime Healthcare Services – Roxborough, LLC d/b/a Roxborough Memorial Hospital ("Roxborough"), and Prime Healthcare Services – Suburban Hospital, LLC d/b/a Suburban Community Hospital ("Suburban," and together with Lower Bucks and

Roxborough, "Plaintiffs") initiated this action with the filing of a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 2022-T-2904, against Defendants on or around November 18, 2022 (the "State Court Action"). The summons, Complaint, and all other documents filed in the State Court Action are attached collectively as Exhibit A.

2. In the Complaint, Plaintiffs allege that Defendants failed to reimburse them for more than $10,000,000 in "out-of-network emergency care and other medical services that Plaintiffs provided to patients who had insurance coverage under a health benefit plan issued and/or administered by Defendants." (Complaint, ¶ 1.)

3. At the time of the filing of the State Court Action, Plaintiffs did not identify with specificity the exact healthcare claims upon which it based its Complaint. (*See generally*, Complaint.)

4. In the Complaint, Plaintiffs alleged that they "do not assert in [the State Court Action] any causes of action under the federal Employee Retirement Income Security Act of 1974 ("ERISA") or any claims for benefits based on assignment of benefits. Moreover, Plaintiffs do not seek in this lawsuit to recover for any claims for members covered by self-funded ERISA plans for which no amount was allowed or paid by Defendants." (Complaint, ¶ 10.) Plaintiffs likely pled these allegations in an attempt to defeat this Court's subject matter jurisdiction upon which this removal is based. As explained further below, despite Plaintiffs' self-serving statement, this Court does have federal question jurisdiction over this case based on Plaintiff's subsequently served spreadsheet of claims, as many of these claims at issue are governed by ERISA, which preempts Plaintiffs' state law claims.

5. On December 19, 2022, Plaintiffs' counsel served Defendants' counsel with a spreadsheet which contained "the current version of the claims list for this case," a total of 2,190

claims (the "Spreadsheet"). (*See* December 19, 2022 email from I. Byrnside to S. Medina, attached as Exhibit B.) This was the first time Defendants had been provided the specific claims which form the basis for Plaintiffs' Complaint.

6.      Upon review of the Spreadsheet, Defendants determined that certain of the claims arise from self-insured healthcare plans. Under a self-insured plan, one or more of the Defendants is responsible for the administration of the plan—including the processing of healthcare claims—but the member's employer (i.e., the plan sponsor) is ultimately responsible for funding the claim. Given their inclusion on the Spreadsheet, Plaintiffs are obviously seeking damages as to those claims which arise from self-funded healthcare plans. Self-funded plans are governed by ERISA so long as the employer is not a church or governmental entity. *See* 29 U.S.C. § 1003 – "Coverage."

7.      Of the 2,190 claims in the Spreadsheet, Plaintiffs have identified 474 claims for which they allege Defendants paid nothing (i.e., "zero pay" claims). Of those 474 claims, at least 329 arise from self-funded plans. For those 329 claims, Plaintiffs claim there is a collective balance due of $1,534,192.78. Although Defendants' investigation is ongoing, upon information and belief, a significant majority of those 329 claims arise from self-funded plans governed by ERISA—i.e., where the employer/plan sponsor is not a church or governmental entity.

8.      Although Defendants' investigation is ongoing, Defendants have identified that many of the zero-pay, self-insured claims identified on the Spreadsheet were denied for substantive reasons—i.e., because the services were not covered by the member's plan. For example, of the 29 largest claims at issue in this case, at least 15 arise from self-insured, ERISA-governed plans which were denied for substantive reasons directly related to the terms of the member's plan. Therefore, adjudication in this case of whether Defendants appropriately denied those claims turns solely on an interpretation of the plans themselves.

3

9.    Certain of the plans at issue contain clauses prohibiting assignment of claims by members to their healthcare providers (i.e., an "anti-assignment clause"). Others do not contain anti-assignment clauses and, in those instances, the member is able to assign their claim to their healthcare provider. Defendants have identified that many of the claims at issue arise from self-insured, ERISA-governed plans which do not contain an anti-assignment clause, including 40 claims all arising from the same plan.

10.    Thus, this action is removable because Plaintiffs seek to recover benefits from Defendants under the terms of insurance plans covered by ERISA. *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990). The Supreme Court has held that claims for benefits under ERISA-governed plans fall within the confines of ERISA and give rise to removal jurisdiction regardless of how those claims are characterized by a plaintiff. *See, e.g.*, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (ERISA contains a "carefully integrated civil enforcement provision[]" that was "intended to be exclusive"); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987) (preemptive force of ERISA "converts" state law claims into federal ERISA claims); *see also Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 678 (3d Cir. 2000) ("[c]omplete preemption is an exception to the well-pleaded complaint rule" and "does not depend on the type of relief requested in a complaint").

11.    As such, Plaintiffs' state law claims—the only claims pled in the Complaint—are preempted and subject to federal removal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c).

12.    This Notice is timely pursuant to 28 U.S.C. § 1446(b) because it is filed prior to the expiration of the statutorily allowed 30-day period beginning when Plaintiffs served Defendants with the Spreadsheet, which only then, for the first time, revealed that Plaintiff sought damages in

an amount of at least $1.5 million for claims where the plans are governed by ERISA, and that Plaintiffs' state law claims were preempted.

13.     Removal of this matter to the Eastern District of Pennsylvania is proper because this district "embraces the place where such action is pending." 28 U.S.C. § 1441(a).  The Common Pleas Court of Philadelphia County, Pennsylvania is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

14.     Promptly after filing this Notice of Removal, Defendants will provide written notice to all parties and a copy of this Notice of Removal will be filed with the Clerk of the Common Pleas Court of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

15.     In filing this Notice of Removal, Defendants do not waive any defense or counterclaim that may otherwise be available to them.

WHEREFORE, Defendants, in conformity with the requirements set forth in 28 U.S.C. § 1446, hereby give notice that the State Court Action, which is presently pending in the Common Pleas Court of Philadelphia County, Pennsylvania is hereby removed to this Court.

Dated: January 23, 2023                     Respectfully submitted,

                                            **FOX ROTHSCHILD LLP**

                                            By: _Benjamin H. McCoy_
                                            Benjamin H. McCoy
                                            bmccoy@foxrothschild.com
                                            980 Jolly Road, Suite
                                            Suite 110
                                            PO Box 3001
                                            Blue Bell PA 19422-3001
                                            phone: 610-397-7972
                                            fax: 610-397-0450

Robert J. Fogarty, Esq. (*pro hac vice* forthcoming)
rjfogarty@hahnlaw.com
E. Sean Medina, Esq. (*pro hac vice* forthcoming)
smedina@hahnlaw.com
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 23, 2023, the foregoing was electronically filed with the

Clerk of the Court via the Court's CM/ECF filing system and was served upon the following via

electronic mail:

BAKER & HOSTETLER LLP
Tyson Y. Herrold (314262)
1735 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 564-3286
(215) 568-3439
therrold@bakerlaw.com

*Attorneys for Plaintiffs*

/s/ *Benjamin H. McCoy*
Benjamin H. McCoy

*One of the Attorneys for Defendants*